# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANTHONY D. COOK,

                Petitioner,

v.

UNITED STATES OF AMERICA,

                Respondent.

Case No. 20-CV-171-JPS
Crim. Case. No. 14-CR-226-1-JPS

**ORDER**

      On January 6, 2013, Petitioner and several accomplices robbed a bank and stole more than $300,000. *United States v. Anthony D. Cook*, 14-CR-226-1-JPS (E.D. Wis.) (Petitioner's "Criminal Case"), (Docket #35 at 3). One of the accomplices carried a gun during the crime. *Id*. Petitioner was indicted on December 2, 2014 on one count of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) & 2, one count of conspiracy to commit Hobbs Act robbery, violating those same statute sections, and one count of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). *Id*., (Criminal Case, Docket #1). Petitioner pleaded guilty to the Hobbs Act robbery and Section 924(c) charges, and the government agreed to dismiss the conspiracy charge. *Id*., (Criminal Case, Docket #35 at 1–5). On July 7, 2015, Petitioner was sentenced to 144 months' imprisonment. *Id*., (Criminal Case, Docket #56 at 2). He subsequently appealed the application of two sentencing enhancements, but on March 29, 2017, the Court of Appeals affirmed this Court's judgment. *Id*., (Criminal Case, Docket #78).

      On October 25, 2017, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, in which he advanced two claims for

ineffective assistance of counsel. *See Anthony D. Cook v. United States of America*, Case No. 17-CV-1459-JPS (E.D. Wis.) (Docket #1). That motion was denied on its merits in October 2018. *Id.*, (Docket #16). Petitioner appealed that denial, and the Court of Appeals denied his request for a certificate of appealability. *Id.*, (Docket #20 and #28). On February 3, 2020, Petitioner filed the instant motion, which is his second attempt to vacate his conviction and sentence under Section 2255. (Docket #1).

Federal prisoners are generally limited to bringing only one motion under Section 2255. A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Petitioner's motion is not accompanied by any authorization from the Seventh Circuit Court of Appeals as required by Section 2255(h). The Court must, therefore, deny Petitioner's motion for lack of jurisdiction. *Vitrano v. United States*, 643 F.3d 229, 232 (7th Cir. 2011). Petitioner's motion for recusal, filed contemporaneously with his Section 2255 motion, will be denied as moot.

Accordingly,

**IT IS ORDERED** that Petitioner's motion to vacate, set aside, or correct his sentence (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Petitioner's motion for recusal (Docket #2) be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** for lack of jurisdiction.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 7th day of February, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge